UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>VERONICA VASQUEZ,<br><br>                Defendant. | Case No. 6:24-cv-01192-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Plaintiff United States of America ("Plaintiff") filed this lawsuit against Defendant Veronica Vasquez ("Defendant") on July 23, 2024, for the collection of a debt pursuant to the Federal Debt Collection Procedures Act ("FDCPA") 28 U.S.C. Sec 3001, *et seq*. Compl. 1, ECF No. 1. Before the Court is Plaintiff's Motion for Entry of Default Judgment. ECF No. 7. For the reasons stated, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff's Complaint, filed on July 23, 2024, alleges that U.S. Customs and Border Protection ("Customs") imposed penalties on Defendant for importing merchandise that infringed on 31 registered and recorded trademarks, including those of Louis Vuitton, Gucci,

Page 1 — OPINION AND ORDER

Christian Dior, and Burberry. Compl. ¶ 1. This civil action is brought to collect a debt which was created by the imposition of a fine imposed under 19 U.S.C. Sec 1526. *Id.*

The exhibits attached to Plaintiff's Complaint show the following:

On March 30, 2020, Customs seized nine DHL express packages in Portland, Oregon. Compl. Ex. 1 at 1. On April 2, 2020, two additional DHL express packages were seized. *Id.* Defendant was the Importer of Record on all eleven seized packages. *Id.* The seized packages were found to have contained counterfeit merchandise, including handbags, wallets, belts, ball caps, sweaters, t-shirts, sweatsuits, backpacks, and jewelry which infringed on 31 different registered trademarks. Compl. Ex. 1 at 3-7. The packages were forfeited under 19 U.S.C. § 1526(e). Compl. Ex. 1 at 1. Customs assessed a civil penalty of $882,368.00 against Defendant on October 21, 2020. *Id.* Defendant had 60 days to pay the penalty or file a petition for relief, neither of which she completed. Compl. Ex. 7.

On December 26, 2020, Customs issued a first notice demand for the full $882,368.00 penalty, due January 5, 2021. Compl. Ex. 2. On January 9, 2021, Customs issued a second delinquent notice demand for the full $882,368.00 penalty. Compl. Ex. 3. On January 23, 2021, Customs issued a third and final demand notice for the full $882,368.00 penalty. Compl. Ex. 4. The final demand noted that the matter would be referred for legal action ten days from the date of notice. *Id.* On March 25, 2021, Customs reached out to Defendant offering an additional 15 days, until April 9, 2021, for her to make her payment and avoid litigation. Compl. Ex. 5. On June 7, 2024, the U.S. Attorney's Office sent Defendant a letter demanding payment. Compl. Ex. 6. Plaintiff submits a sworn Certificate of Indebtedness, signed May 29, 2024, which provides that Defendant is indebted to the United States in the principal total amount of $882,368.00. Compl. Ex. 7.

The Clerk of this Court issued summons on July 24, 2024 (ECF No. 5), and Plaintiff served Defendant with a summons and a copy of the Complaint on August 15, 2024 (ECF No. 6). Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendant was required to file a responsive pleading by September 5, 2024. Plaintiff filed a Motion for Entry of Default and Order of Default Judgment on October 29, 2024. ECF No. 7. On October 30, 2024, the Clerk entered an Entry of Default as to Defendant. ECF No. 9. To date, Defendant has not responded to Plaintiff's Complaint or appeared in this matter. The Court now considers Plaintiff's Motion for Default Judgment.

## STANDARD

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, provides the procedures for collecting a debt. "Debt" includes an amount owing to the United States on account of a penalty. 28 U.S.C. § 3002(3)(B). The FDCPA provides that the Federal Rules of Civil Procedure shall apply. 28 U.S.C. § 3003(f).

A district court may order a default judgment to be entered against a party following the entry of default by the clerk of the court. Fed. R. Civ. P. 55(b)(2). Whether to grant a default judgment is within the district court's discretion. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) ("Rule 55 . . . gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). In the Ninth Circuit, courts may consider seven factors when deciding whether to enter a default judgment: (1) the possibility of prejudice to the claimant; (2) the merits of the claimant's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917–18 (quotation marks omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## DISCUSSION

### I.     *Eitel* Factors

The Court first assess the potential prejudice to Plaintiff, should it deny the motion. *Eitel*, 782 F.2d at 1471. If default judgment is not entered, Plaintiff will be substantially prejudiced by being left without a remedy for Defendant's failure to pay her debt. *See Garcia*, 2016 WL 526236, at *3 (D. Or. Feb. 9, 2016) (finding the "possibility of prejudice . . . factor weigh[ed] in favor of granting" motion for default judgment because the plaintiff had "no alternative means by which to resolve their" claims). The first factor weighs in favor of Plaintiff.

With respect to the second, third, and fifth factors—the merits of the claims, the sufficiency of the complaint, and the possibility of a dispute concerning material facts—because default has previously been entered, the Court accepts as true all well-pleaded allegations in the complaint. *See United States v. Panter*, No. 1:11-cv-03052-CL, 2012 WL 2367369, at *4 (D. Or. May 24, 2012) (explaining that after the entry of default a district court must "accept as true all well-pleaded allegations regarding liability"). The Ninth Circuit has indicated that these factors require that a plaintiff's allegations "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The Complaint in this case more than adequately states claim for the collection of a debt created by a lawfully imposed penalty. *See Garcia*, 2016 WL 526236, at *3 (finding merits and sufficiency of complaint factors weighed in favor of

merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917–18 (quotation marks omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## DISCUSSION

### I.     *Eitel* Factors

The Court first assess the potential prejudice to Plaintiff, should it deny the motion. *Eitel*, 782 F.2d at 1471. If default judgment is not entered, Plaintiff will be substantially prejudiced by being left without a remedy for Defendant's failure to pay her debt. *See Garcia*, 2016 WL 526236, at *3 (D. Or. Feb. 9, 2016) (finding the "possibility of prejudice . . . factor weigh[ed] in favor of granting" motion for default judgment because the plaintiff had "no alternative means by which to resolve their" claims). The first factor weighs in favor of Plaintiff.

With respect to the second, third, and fifth factors—the merits of the claims, the sufficiency of the complaint, and the possibility of a dispute concerning material facts—because default has previously been entered, the Court accepts as true all well-pleaded allegations in the complaint. *See United States v. Panter*, No. 1:11-cv-03052-CL, 2012 WL 2367369, at *4 (D. Or. May 24, 2012) (explaining that after the entry of default a district court must "accept as true all well-pleaded allegations regarding liability"). The Ninth Circuit has indicated that these factors require that a plaintiff's allegations "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The Complaint in this case more than adequately states claim for the collection of a debt created by a lawfully imposed penalty. *See Garcia*, 2016 WL 526236, at *3 (finding merits and sufficiency of complaint factors weighed in favor of

granting motion for default judgment where the complaint "properly stated a claim"). The Court further finds the record in this case supports the material facts alleged.

The fourth *Eitel* factor—the sum of money at stake in the action—also weighs in favor of granting the motion. *See Eitel, 782 F.2d at 1471*. Although the amount at stake here is substantial, which typically weighs against entry of default judgment, Plaintiff supports its motion with evidence in the form of a declaration and several exhibits detailing the amount owed and Plaintiff's efforts to collect. These exhibits include a notice of penalty for damages issued by the Department of Homeland Security (Compl. Ex. 1), several notices of debt issued by the U.S. Customs and Border Protection (Compl. Exs. 2-4), a final demand letter (Compl. Ex. 5), and a certified certificate of indebtedness signed by an attorney of the U.S. Customs and Border Protection (Compl. Ex. 7). Defendants "should not be allowed to evade judgment as a result of failing to appear." *See United States v. Kelton*, No. 1:15-cv-197-AA, 2015 WL 9809799, at *2 (D. Or. Dec. 19, 2015) ("The amount of damages at issue is substantial, so this *Eitel* factor slightly favors the [defendants]. But the [plaintiff] has submitted a declaration and supporting exhibits verifying the assessments due from the [defendants]").

The sixth *Eitel* factor—whether the default may be due to a defendant's excusable neglect—weighs in favor of granting the motion. *See Eitel*, 782 F.2d at 1471. Plaintiff issued numerous notices and demands for payment and notified Defendant that the debt had been referred to the United States Attorney's Office to initiate enforcement. Compl. Exs. 2-6. Over four years have passed since Plaintiff began demanding payment, approximately three months have elapsed since the Complaint was served on Defendant, and nearly one month has passed since the Clerk's entry of default. *See* Compl. Ex. 1; DeLorenzo Decl. ¶ 3, ECF No. 8; Clerk's Entry of Default ECF No. 9. "Given these efforts and the subsequent passage of time, it is

unlikely that [the defendant's] failure to appear is the result of excusable neglect." *United States v. Stuck*, No. 3:19-cv-01161-SB, 2020 WL 4516917, at *3 (D. Or. July 9, 2020), adopted, 2020 WL 4506781 (D. Or. Aug. 5, 2020); *see also Kelton*, 2015 WL 9809799, at *2 ("The non-appearing Defendants were properly served, and have had ample time to respond but failed to do so. There is no evidence of excusable neglect"). Accordingly, the Court concludes that the possibility of excusable neglect is minimal, and this factor therefore favors entry of default judgment.

The final *Eitel* factor considers the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471. However, "the mere existence of [Rule] 55(b) indicates that 'this preference, standing alone, is not dispositive." *Stuck*, 2020 WL 4516917, at *3 (citations and internal quotations omitted). "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id*. Defendant's failure to defend this lawsuit "makes a decision on the merits impossible[,]" and therefore "the policy favoring decision on the merits does not preclude the Court from entering a default judgment[.]" *Garcia*, 2016 WL 526236, at *4 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

In sum, the Court finds that the *Eitel* factors weigh in favor of entry of default judgment.

**II.    Damages**

Following an entry of default, the facts in the complaint are taken as true; however, "neither the default nor the allegations in the complaint can establish the amount of damages." *Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015). Thus, before a court can enter a default judgment on a sum uncertain, a plaintiff must prove its damages. *Swift Fin., LLC v. Alabar Constr., Inc.*, No. 2:18-CV-02009-SU, 2019 WL 654343, at

\*3–4 (D. Or. Jan. 30, 2019), *report and recommendation adopted,* No. 2:18-CV-02009-SU, 2019 WL 653801 (D. Or. Feb. 15, 2019).

Here, Plaintiff has provided sufficient evidence to prove the damages sought. The exhibits attached to Plaintiff's Complaint support Plaintiff's declaration that Defendant owes Plaintiff $822,368.00 for the civil penalty imposed by the Government plus the legal rate of interest post-judgment until paid in full, pursuant to 28 U.S.C. § 1961. DeLorenzo Decl. ¶ 5, ECF No. 8. Plaintiff is also entitled to $405.00 for the costs and disbursements incurred in this action pursuant to 28 U.S.C. § 2412(a)(2). *Id.* DeLorenzo Decl. ¶ 5, ECF No. 8.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Entry of Judgment (ECF No. 7) is GRANTED. Defendant is Ordered to pay Plaintiff $822,368.00 plus the legal rate of interest post-judgment until paid in full, pursuant to 28 U.S.C. § 1961. Defendant is also Ordered to pay Plaintiff $405.00 for the costs and disbursements incurred in this action pursuant to 28 U.S.C. § 2412(a)(2).

DATED this 12th day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge